UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DAPHNE HOGAN, ) | |
| ) | |
| *Plaintiff*, ) | Case No. 1:19-cv-298 |
| ) | |
| v. ) | Judge Collier |
| ) | |
| DISCOVER BANK, ) | Magistrate Judge Lee |
| ) | |
| *Defendant*. ) | |

**MEMORANDUM & ORDER**

On January 8, 2020, on the joint motion of the parties, the Court stayed this matter and ordered the parties to arbitrate their dispute. (Doc. 14.) The Court also ordered the parties to file a joint status report on or before July 1, 2020. (*Id.* at 2.) On July 6, 2020, having received no report, the Court ordered the parties to show cause within fourteen days why the stay should not be lifted and the matter should not be dismissed. (Doc. 15.) Defendant filed a response on July 17, 2020. (Doc. 16.) Defendant stated Plaintiff has not initiated arbitration proceedings or communicated with Defendant since the issuance of the Court's January Order. (*Id.* ¶¶ 6, 7.) Plaintiff has not responded to the Show Cause Order, and the deadline to do so has expired.

**I.     STANDARD OF REVIEW**

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court," either upon the defendant's motion or on its own initiative. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir.

2013).  The Court must consider four factors in determining whether to exercise its discretion to dismiss a case for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Carpenter*, 723 F.3d at 704.  Dismissal of a case with prejudice is a harsh sanction which should apply only in extreme situations, since it deprives a plaintiff of his day in court.  *Id.* (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).  Such a sanction is not usually appropriate where the neglect at issue is the fault of the attorney, rather than of the client.  *Id.*

## II.   DISCUSSION

The Court considers each of the four relevant factors below.

### A.   Willfulness, Bad Faith, or Fault

To support a finding of willfulness, bad faith, or fault, there must be "a clear record of delay or contumacious conduct."  *Carpenter*, 723 F.3d at 704 (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)).  Contumacious conduct is behavior which is "perverse in resisting authority" and "stubbornly disobedient."  *Id.* at 704–05 (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)).  Such behavior must display "either an intent to thwart judicial proceedings or a reckless disregard for the effect of [such] conduct on those proceedings."  *Id.* at 705 (quoting *Wu*, 420 F.3d at 643).

In the almost seven months since the filing of the joint motion to stay, Plaintiff appears to have taken no action to move this matter forward.  Based on Defendant's representations, Plaintiff has not initiated arbitration proceedings or communicated with Defendant in any way.  She has

also violated two orders of the Court, one to file a joint report with Defendant by July 1, 2020, and the other to respond to the Court's Show Cause Order by July 20, 2020.

Plaintiff's failure to respond to the Show Cause Order is of concern for another reason. Her silence in the face of the Court's direct order to explain the situation limits the options available to the Court for moving the case forward and deprives the Court of any insight into the reasons for her failures to date.

Considering Plaintiff's seven months of failure to prosecute this action by initiating arbitration proceedings and her violation of two of the Court's Orders, and lacking any explanation from Plaintiff in response to the Show Cause Order, the Court must conclude Plaintiff's behavior displays perversity in resisting authority and a reckless disregard for the effect of her conduct on these proceedings. The Court therefore **FINDS** there has been willfulness, bad faith, or fault under the first factor.

### B. Prejudice

A plaintiff's dilatory conduct prejudices a defendant "if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Carpenter*, 723 F.3d at 707 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). There is no evidence of such prejudice to Defendant on the current record. Defendant's response implies, to the contrary, that Defendant has not expended time, money, or effort in pursuing cooperation from Plaintiff. (*See* Doc. 16.) The Court therefore **FINDS** the second factor weighs against dismissal at this time.

### C. Notice

The Show Cause Order warned Plaintiff that she must show cause within fourteen days or her case could be dismissed. (*See* Doc. 15.) The Court accordingly **FINDS** there was sufficient notice to Plaintiff that failure to cooperate could lead to dismissal under the third factor.

### D. Lesser Sanctions

Before dismissing a case with prejudice for failure to prosecute, a court should consider whether lesser sanctions would better serve the interests of justice. *Carpenter*, 723 F.3d at 709 (quoting *Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 232–33 (6th Cir. 1983)). "[T]he sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and *no alternative sanction* would protect the integrity of the pretrial process." *Wu*, 420 F.3d at 644 (emphasis in original) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 594 (6th Cir. 2001)). Possible lesser sanctions include monetary sanctions such as a fine, costs, or damages; barring a party from introducing certain evidence or participating in oral argument on a motion; additional warnings; or dismissal without prejudice. *See, e.g.*, *Carpenter*, 723 F.3d at 709.

The Court has considered a number of sanctions less than dismissal with prejudice in this case. Monetary sanctions, an additional warning, or dismissal without prejudice could all be appropriate sanctions less severe than dismissal with prejudice. The Court **FINDS** the availability of other potential sanctions weighs against a dismissal with prejudice at this time.

## III. <u>CONCLUSION</u>

Because the second and fourth factors weigh against a dismissal with prejudice, the Court concludes the extreme sanction of dismissal with prejudice is not warranted at this time.

4
Case 1:19-cv-00298-CLC-SKL   Document 17   Filed 07/22/20   Page 4 of 5   PageID #: 58

The Court turns therefore to the appropriate lesser sanction to apply. The Court notes that it appears to be Plaintiff's attorney, rather than Plaintiff herself, who is accountable for Plaintiff's defaults to date. Accordingly, the Court concludes it is appropriate to impose a monetary sanction on Plaintiff's counsel and give Plaintiff one last warning before considering additional sanctions up to and including dismissal of her case with prejudice.

The stay of this case is **LIFTED**. Plaintiff's counsel **SHALL PAY A FINE OF $100.00** into Court as a sanction for failing to respond to two orders of the Court. Plaintiff **SHALL RESPOND TO THE SHOW CAUSE ORDER (Doc. 15)** on or before **August 7, 2020**, or face potential additional sanctions **up to and including dismissal of her case with prejudice**. Defendant **MAY FILE** a brief of no more than ten pages on or before **August 14, 2020** responding to any filing Plaintiff may make or otherwise addressing the relevant factors under Rule 41(b).

**SO ORDERED.**

**ENTER:**

**/s/_____**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**